## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In Re: ) | |
| ) | |
| Daniel B. Green a/k/a Boyd Green and ) | |
| Brook T. Green a/k/a Stephanie B. Green, ) | Chapter 7 |
| ) | Case No. 12-60724 |
| Debtor, ) | |
| ) | |

### STATESBORO MALL, LLC'S REQUEST
### FOR PAYMENT OF ADMINISTRATIVE EXPENSES AGAINST
### DANIEL B. GREEN A/K/A BOYD GREEN

Statesboro Mall, LLC c/o Hull Storey Retail Group ("Landlord"), a creditor of the above captioned Debtor, Daniel B. Green, a/k/a Boyd Green ("Guarantor"), submits this Request for Payment of Administrative Expenses and, in support thereof, respectfully shows:

1. This case was commenced on December 19, 2012, by the filing of the Debtor's Chapter 7 Petition (the "Petition").

2. This matter arises in or arises under the above-captioned case. This is a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (M). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.

3. Landlord owns the Statesboro Mall located in Statesboro, Bulloch County, Georgia (the "Mall").

4. On or about January 1, 2006, Creditor and Crooked Run Investments, LLC ("Tenant") entered into a nonresidential ground lease agreement ("Lease") for the use of an outparcel of land consisting of approximately .64 acres ("Premises"), to be operated as a Bruster's Ice Cream. A copy of the Lease is attached hereto and marked as "Exhibit A".

5. Contemporaneously with the execution of the Lease, Guarantor executed a Mall Outparcel Lease Guaranty Agreement ("Guaranty"). A copy of the Guaranty is attached hereto and marked as Exhibit "B."

6. The Lease Term was for ten (10) years, expiring on April 30, 2017.

7. Pursuant to Section 7.1 of the Lease, *"Tenant shall not at any time leave the Premises vacant, but shall in good faith continuously operate throughout the Lease Term and conduct and carry on its fully stocked and staffed business in the entire Premises for the Permitted Use."*

8. Tenant closed for business and vacated the Premises on or about October 31, 2012, prior to the expiration of the Lease Term.

9. Pursuant to Paragraph 15 of the Specific Lease Provisions, Tenant agreed to pay $3,083.33 per month for Rent.

10. Pursuant to Section 4.1 of the Lease:

> Monthly Rent, including both Minimum Rent and all other monthly payments and charges provided under the Specific Lease Provisions, shall accrue hereunder from the Rent Commencement Date and shall be payable to Landlord at Landlord's Post Office Box Address. Monthly Rent shall be payable in advance without notice, demand or offset. The Prepaid Rent Deposit set forth in the Specific Lease Provision shall be due and payable upon the execution of this Lease Agreement and all other installments of Monthly Rent shall be due on the first day of each calendar month succeeding the Rent Commencement Date during the Term.

11. Tenant failed to pay Rent for November 2012.

12. Pursuant to Section 4.4 of the Lease:

> In the event any payment of Monthly Rent is received more than five (5) days after the due date for any reason whatsoever, it is agreed that the Monthly Rent for the month shall be increased by an amount equal to five (5%) percent of the total Monthly Rent. If any Monthly Rent remains unpaid for thirty (30) days after the

payment is due, the Monthly Rent for that month shall be further increased by an additional five (5%) percent (for a total of 10%).

13. Pursuant to Section 19.4 of the Lease, "*Any amounts which may be owing by Tenant to Landlord which remain unpaid for more than five (5) days after the due date shall accrue interest at the rate of the lesser of (i) four percent (4%) over the Prime Rate as set forth in the Wall Street Journal, and (ii) the highest amount permitted by law (the "Interest Rate")*."

14. Pursuant to Section 19.1 of the Lease, the following are events of default under the Lease:

    (A) The failure by Tenant to make any payment of Minimum Rent, Additional Rent, Monthly Rent or any other payment required to be made by Tenant hereunder (collectively "Rent"), when due, where such failure shall continue for a period of five (5) days after written notice thereof from Landlord to Tenant, or
    (B) The failure by Tenant to observe or perform any of the covenants, conditions or provisions of this Lease to be observed or performed by Tenant, other than Paragraph (A) above, where such failure shall continue for a period of thirty (30) days after written notice thereof from Landlord to Tenant…

15. Landlord gave Tenant notice of its breach for failure to continuously operate throughout the Lease term and made demand for cure of the breach via correspondence dated November 5, 2012.

16. Landlord gave Tenant notice of its breach for failure to pay Rent and made demand for the past due Rent as well as possession of the Premises via correspondence dated November 20, 2012. Copies of the demand letters are attached hereto and marked as "Exhibit C".

17. Tenant failed to cure its breaches and default of the Lease despite Landlord's notices and demands.

18. Pursuant to the Guaranty, Guarantor agreed to "*jointly, severally, unconditionally and irrevocably guarantee the prompt payment by Tenant of all rentals and all other sums payable by Tenant under said Lease, and the faithful and prompt performance by Tenant of each and every one of the terms, conditions and covenants of said Lease to be kept and performed by Tenant as such are defined in the Lease.*"

19. Guarantor failed to cure Tenant's breaches and defaults of the Lease.

20. Guarantor filed the Petition on December 19, 2012.

21. Tenant surrendered the Premises to the Landlord on April 24, 2013, and Guarantor thereby rejected the Lease and Guaranty.

22. Guarantor fails to pay its post-petition Rent as it is obligated to do pursuant to 11 U.S.C. § 365(d)(3) of the Bankruptcy Code. Pursuant to 11 U.S.C. § 503, the Creditor respectfully requests payment of the following post-petition, pre-rejection amounts:

| | |
|---|---|
| Rent: December 19 to December 31, 2012 | $1,293.01 |
| Rent: January 2013 | $3,083.00 |
| Rent: February 2013 | $3,083.00 |
| Rent: March 2013 | $3,083.00 |
| Rent: April 1 to April 23, 2013 | $2,363.89 |
| Late Fees pursuant to Lease | $1,290.69 |
| Interest pursuant to Lease | $313.33 |
| **TOTAL** | **$14,510.91** |

WHEREFORE, Landlord requests that:

a. The Court order Debtor to pay post-petition Rent of $14,510.91 to Landlord;

b. For such other and further relief the Court deems just, equitable or proper under the circumstances.

Respectfully submitted this __2nd__ day of _____July_____, 2013.

<u>s/ Matthew W. Matson</u>  
MATTHEW W. MATSON  
Attorney for Landlord  
Georgia Bar No. 812044

HULL STOREY GIBSON COMPANIES, LLC
1190 Interstate Parkway
Augusta, Georgia 30909
706.434.1743
mmatson@hullstoreygibson.com